UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY GLENN ALEXANDER,

Plaintiff,

v.

Case No. 26-cv-10010
Hon. Matthew F. Leitman

COUNTY OF JACKSON, et al.,

Defendants.

_______________________________________________________________/

**ORDER (1) DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT (ECF No. 16); AND (2) CERTIFYING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

At some point in 2000, Plaintiff Anthony Glenn Alexander was extradited from the State of Minnesota to the State of Michigan to face felony criminal charges in the Jackson County Circuit Court. On April 19, 2001, a jury convicted Alexander, and he was sentenced to serve up to twenty years in prison. Twenty-five years later, Alexander filed this pro se civil action against the Jackson County officials who were involved in his extradition and against Jackson County. He brings claims against those Defendants under 42 U.S.C. § 1983. He alleges that his extradition was unlawful because the Defendants did not comply with one federal statute (18 U.S.C. § 3182) and one state statute (Mich. Comp. Laws §780.22(3).) The Court previously advised Alexander that his claims were subject to dismissal for a number of reasons, including that they appeared to be time-barred and that they failed to sufficiently

allege each Defendant's individual liability, and the Court gave Alexander an opportunity to file an amended pleading. (*See* Order, ECF No. 12, PageID.54.) In response, Alexander filed his Third Amended Complaint. (*See* Third Am. Compl., ECF No. 16.) For the reasons explained below, that pleading still fails to assert any viable claims. Accordingly, the Court **DISMISSES** this action with prejudice.

First, the claims in the Third Amended Complaint are time-barred. As explained by this Court in its previous order, "the statute of limitations for a claim under 42 U.S.C. 1983 is three years, and the events Alexander complains about happened more than twenty years ago." (Order, ECF No. 12, PageID.54.) Thus, the claims are untimely on their face and properly dismissed at this stage. *See Alston v. Tennessee Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) (explaining that where "the statute of limitations defect [is] obvious from the face of the complaint, sua sponte dismissal of the complaint [is] appropriate.")

Alexander counters that the statute of limitations should be equitably tolled and his claims deemed timely on that basis. (*See* Third Am. Compl., ECF No. 16, PageID.65.) The Court disagrees. To determine whether equitable tolling is available to save Alexander's § 1983 claim, the Court looks to state tolling rules. *See Bozzo v. Nanasy*, 159 F.4th 1111, 1118 (6th Cir. 2025), cert. denied, 146 S. Ct. 2678, 224 L. Ed. 2d 852 (2026). In Michigan, the law "does not permit common law equitable tolling of express limitations periods, including the three-year period at

issue here." *Id.* Because "equitable tolling . . . is unavailable under the Michigan limitations provision at issue here," he likely is unable invoke equitable tolling in this action. *See id.*

In any event, his allegations fall far short of establishing that he is entitled to equitable tolling. He claims that equitable tolling is available to him on the basis that in 2002, he attempted to obtain the records needed to confirm that his extradition was unlawful, and that those efforts were rebuffed. (*See* Third Am. Compl., ECF No. 16, PageID.66-67.) But Alexander does not allege that he did anything else to obtain the records until at least 2020. He has thus failed to show the reasonable diligence required to support equitable tolling. *See Bozzo*, 159 F.4th at 1119 (finding that plaintiff's "failure to exercise 'reasonable diligence' would foreclose equitable tolling").

Moreover (and in any event), the documents Alexander attaches to his Third Amended Complaint do not show that he was prevented from obtaining records in 2002. Instead, those documents show that officials from whom Alexander requested records indicated that they did not have the records and directed Alexander to another source. (*See* Third Am. Compl., ECF No. 16, PageID.80, 81, 87, 124.) For all of these reasons, Alexander is not entitled to equitable tolling.

Second, even if Alexander's claims could be deemed timely, they would still fail as a matter of law. As noted above, Alexander's claims under § 1983 are based

upon the alleged violations of two statutes, one federal (18 U.S.C. 3182) and one state (Mich. Comp. Laws §780.22(3)). The claims fail to the extent that they are based upon the alleged state statutory violations because "a plaintiff cannot allege a violation of state law in an action under 42 U.S.C. § 1983." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 565 (6th Cir. 2016).

His claims also fail to the extent they rest upon the alleged federal statutory violation because Alexander does not plead facts showing that he was extradited in violation of 18 U.S.C. § 3182. That statute provides that the "executive authority of any State or Territory demand[ing] any person as a fugitive from justice" from the executive of another state must "produce[] a copy of an indictment found or an affidavit made before a magistrate . . . charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled." One of the exhibits that Alexander attaches to his Third Amended Complaint shows that the required documents and certification were prepared and produced. (*See* Requisition for Rendition, ECF No. 16, PageID.106-115.) Thus, Alexander has failed to allege a violation of Section 3182.

For all of the reasons stated above, the Court concludes that Alexander's Third Amended Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** this action with prejudice.

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 23, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 23, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126